■  FRED G. MORITT, Respondent, v GOVERNOR OF THE STATE OF NEW YORK et al., Appellants.—In a proceeding pursuant to CPLR article 78 *inter alia* to (1) direct the Governor to convene the Legislature at special session for the purpose of enacting election laws not repugnant to the Constitutions of the United States and the State of New York and (2) declare section 131 (subd 2, par [a]) and subdivision 5 of section 136 of the Election Law unconstitutional, the appeal is from an order and judgment (one paper) of the Supreme Court, Kings County, entered March 12, 1975, which, without a hearing, *inter alia,* (1) granted the application, (2) denied appellants' cross

motion to dismiss the proceeding, (3) declared the subject sections of the Election Law unconstitutional and (4) directed the Governor to convene the Legislature for the purpose of amending those sections. Order and judgment reversed, on the law, with $50 costs and disbursements, cross motion granted, and proceeding dismissed. The petitioner previously raised the identical claims set forth herein before a Federal tribunal in 1972 *(Moritt v Rockefeller,* 346 F Supp 34, affd 409 US 1020). At that time a three-Judge panel considered the petitioner's standing and his constitutional challenges to subdivision 5 of section 136 and section 131 (subd 2, par [a]) of the Election Law and found that he lacked standing to maintain the action as to the former statute and that his challenge to the constitutional validity of the latter was insubstantial. Upon appeal, the Supreme Court of the United States affirmed, without opinion, the judgment of the District Court. At bar, the petitioner merely reasserts, in exact copy, his Federal complaint, without further explanation or argument; the bases for the Special Term's determination were solely the statutes' purported transgression upon the Federal Constitution. In view of the earlier Federal adjudication, we are of the view that such finding was improper and that appellants' cross motion to dismiss the proceeding should have been granted as such decision was *res judicata* with regard to the Federal questions already litigated and disposed of *(Friedman v State of New York,* 24 NY2d 528, 535). We think, in any event, that the statutes in question are not unconstitutional for the reasons asserted by the petitioner and by the Special Term. Since subdivision 5 of section 136 of the Election Law requires that a candidate show State-wide support through obtaining signatures of persons in one half of the congressional districts, which are presumably equally constituted by voter population (see *Wells v Rockefeller,* 311 F Supp 48, affd 398 US 901), no voter in a particular area is given greater voting power than one in another, and there is not in this respect a violation of the one-man, one-vote, doctrine (see *Socialist Workers Party v Rockefeller,* 314 F Supp 984, affd 400 US 806; *Moore v Ogilvie,* 394 US 814). Furthermore, there is no support in the record for the Special Term's finding that section 131 (subd 2, par [a]) of the Election Law "gives a free and easy ride to candidates favored by a politically controlled State Committee by a weighted vote". Martuscello, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.